**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Maria Crimi Speth (012574)
mcs@jaburgwilk.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LARISSA YUDINA, an individual; FELIX SATER, an individual; and OST GROUP, a foreign entity;<br><br>Plaintiffs,<br><br>v.<br><br>JODY KRISS, an individual; and EAST RIVER PARTNERS, LLC, a foreign corporation;<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiffs Felix Sater, Larissa Yudina, and OST Group bring this complaint against Jody Kriss and East River Partners, LLC and allege as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment under 15 U.S.C § 1114, 28 U.S.C. §§ 2201-2202 and 15 U.S.C. § 1125(d). This Complaint seeks a declaration from this Court that the Internet domain names <jodykriss.com>; <jodykriss.net>; <jodykriss.org>; <jodykriss.info>; <jodylkriss.com>; <jodylkriss.net>; <jodylkriss.org>; <jodylkriss.info>; <eastriverpartnersllc.com>; <eastriverpartnersny.com>; <theeastriverpartners.com>; <eastriverpartnersgroup.com>; <eastriverpartners.net>; and <eastriverpartners.info> (the "Disputed Domains") were registered by Plaintiffs in good faith and may not be transferred to Defendants.

## THE PARTIES

2.  Plaintiff Larissa Yudina ("Yudina") is an individual residing in Moscow, Russia.

3.  Plaintiff Felix Sater ("Sater") is an individual residing in the State of New York.

4.  Plaintiff OST Group ("OST Group") is a foreign corporation organized under the laws of the Country of Russia.

5.  Upon information and belief, Defendant Jody Kriss is an individual residing in New York City, New York.

6.  Upon information and belief, Defendant East River Partners, LLC is a Delaware Limited Liability Company actively doing business in New York.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C § 1114, 15 U.S.C. § 1121(a), 15 U.S.C. § 1125(d), 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. §§ 2201-2202.

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1139(b)(2) and 15 U.S.C. § 1125(d)(2)(C) because the cause of action arises within this District and the domain name registrar of the Disputed Domains, GoDaddy.com, LLC, is located within this judicial district.

## FACTUAL BACKGROUND

9.  Plaintiffs Sater and Yudina first registered the domain names <jodykriss.com>; <jodykriss.net>; <jodykriss.org>; <jodykriss.info>; <jodylkriss.com>; <jodylkriss.net>; <jodylkriss.org>; <jodylkriss.info>; <eastriverpartners.net>; and <eastriverpartners.info> in good faith on July 10, 2012 (the "July 10, 2012 Registered Domains").

10. Plaintiffs first registered the domain name <eastriverpartnersllc.com> in good faith on August 13, 2014.

11. Plaintiffs first registered the domain names <eastriverpartners.ny>; <theeastriverpartners.com>; and <eastriverpartnersgroup.com> in good faith in December, 2014.

12. Each of the Disputed Domains was registered and is used solely for the noncommercial and fair use purpose of expressing First Amendment protected dissemination of factual information and expressions of opinion regarding Defendants' activities.

13. Plaintiffs' promulgation of this information and opinions on each of the Disputed Domains has been done lawfully, with no intent to profit, and in good faith under *inter alia*, the First Amendment of the U.S. Constitution and 15 U.S.C. § 1125(d)(1)(B)(i)-(ii).

14. Each of the Disputed Domains resolves to a website containing only Plaintiffs' First Amendment protected factual information and expressions of opinion which are critical of Defendants.

15. Most the website content published on each of the Disputed Domains consists of excerpts of court pleadings and third party new articles regarding Defendants. The remaining website content consists of Plaintiffs' First Amendment protected expressions of opinion regarding the same.

16. In 2014, the legally registered Disputed Domains were transferred to OST Group, who became the registrant thereafter.

17. At the time the Disputed Domains were registered in 2012 and 2014, Plaintiffs accepted and agreed to the Internet Corporation for Assigned Names and Numbers' Uniform Domain Name Resolution Policy ("UDRP") (attached hereto as **Exhibit A**), which provides:

> **Paragraph 4(k): Availability of Court Proceedings.** The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded. If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business

3

days (as observed in the location of our principal office) after we are informed by the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and 3(b)(xiii) of the Rules of Procedure for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name.

18. Notwithstanding Plaintiffs' lawful registration of the Disputed Domains, Defendants initiated an administrative proceeding, pursuant to the UDRP, before the National Arbitration Forum in February of 2016 challenging Plaintiffs' registration of the Disputed Domains and seeking transfer of the Disputed Domains to Defendants.

19. That proceeding, *Jody Kriss & East River Partners, LLC v. Felix Sater / Larissa Yudina*, FA 1602001660728 (Nat. Arb. Forum) (the "UDRP Action") was decided by a single arbitrator on March 22, 2016 and a copy of the decision is attached hereto as **Exhibit B**.

20. In the UDRP Action, Defendants asserted certain trademark rights in and to the Disputed Domains.

21. Defendants did not file any federal trademark applications to register either EAST RIVER PARTNERS or JODY KRISS until July 10, 2014 and September 26, 2014 respectively, which was two years after the July 10, 2012 Registered Domains were registered.

22. Defendants consented to the jurisdiction of this Court when filing the complaint in the UDRP Action. A copy of Defendants' complaint commencing the UDRP action is attached hereto as **Exhibit C**. Defendants submitted to the following in writing as a requisite to commencing the UDRP Action:

4

[10.] **MUTUAL JURISDICTION**
The Complainants will submit, with respect to any challenges to a decision in the administrative proceeding canceling or transferring the domain name, to:
_X_ *a) the location of the principal office of the concerned registrar or*
___ *b) where the Respondent is located, as shown by the address(es) given for the domain*

23.   Defendants knew at the time they filed the UDRP Complaint that they had no lawful basis for doing so due to Plaintiffs' First Amendment protected activity and good faith, noncommercial fair use of the Disputed Domains which contain the words EAST RIVER PARTNERS and JODY KRISS.

24.   Defendants had no basis for challenging Plaintiffs' selection, acquisition, registration, or use of the Disputed Domains due to Plaintiffs' First Amendment protected activity and good faith, noncommercial fair use of the Disputed Domains which contain the words EAST RIVER PARTNERS and JODY KRISS.

25.   Defendants' actions are likely to cause loss, damage, and injury to Plaintiffs.

26.   There is an actual controversy with respect to Plaintiffs' rights in and to the Disputed Domains and whether Defendants are entitled to have the Disputed Domains transferred to them.

27.   Plaintiffs seek an order from this Court recognizing Plaintiffs' rights to have registered, to own, and to make continued use of the Disputed Domains in light of these facts.

**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment – Non-infringement Under the Lanham Act,**
**15 U.S.C. §§ 1051 *et seq.*, or Common Law**

28.   Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs of this complaint.

29.   Plaintiffs' registration, ownership, and ongoing use of the Disputed Domains is lawful under all applicable laws and does not violate any provisions of the Lanham Act or any of Defendants' applicable trademark rights at common law.

5

30. Plaintiffs do not infringe any of Defendants' actual or claimed trademark rights under 15 U.S.C § 1114 or 15 U.S.C § 1125.

31. Plaintiffs do not unfairly compete with Defendants under 15 U.S.C § 1125(a), by or through Plaintiffs' registration, ownership, or ongoing use of the Disputed Domains.

32. Plaintiffs do not falsely designate the origin of any products or services under 15 U.S.C § 1125(a), by or through Plaintiffs' ongoing registration, ownership, or use of the Disputed Domains.

33. Plaintiffs, by or through Plaintiffs' registration, ownership, or ongoing use of the Disputed Domains, do not violate 15 U.S.C § 1125(a).

34. Plaintiffs do not have a bad faith intent to profit under 15 U.S.C 1125(d).

35. EAST RIVER PARTNERS and JODY KRISS, the marks allegedly incorporated into the Disputed Domains, are neither famous nor distinctive under 15 U.S.C 1125(d).

36. Defendants' asserted EAST RIVER PARTNERS and JODY KRISS marks are not famous.

37. Defendants had no trademark rights at the time the Disputed Domains were registered.

38. Plaintiffs' registration, ownership, and ongoing use of the Disputed Domains is not likely to cause any confusion, mistake or deception with respect to Defendants' asserted EAST RIVER PARTNERS and JODY KRISS marks.

39. Plaintiffs' registration, ownership, and ongoing use of the Disputed Domains is lawful and in good faith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a) declare, adjudge, and decree that Plaintiff OST Group is the sole legal and equitable owner of the Disputed Domains, that Plaintiffs' registration was in good faith and in all ways proper, that Plaintiffs do not infringe on any of

1  Defendants' actual or claimed trademark rights, that Defendants are not entitled
2  to have any of the Disputed Domains transferred to them; and
3  (b) award such other and further relief that this Court may deem just and
4  equitable.
5  RESPECTFULLY SUBMITTED this 4th day of April, 2016.

**Jaburg & Wilk, P.C.**

/s/Maria Crimi Speth
Maria Crimi Speth
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
Attorneys for Plaintiffs