Gregory B. Collins (#023154)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001
(480) 421-1002 fax
gbc@kflawaz.com

Adam C. Sherman (pro hac vice to be filed)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, Ohio  45202
Phone:  (513) 723-4680
Fax:  (513) 852-8468
acsherman@vorys.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LARISSA YUDINA, an individual; FELIX SATER, an individual; and OST GROUP, a foreign entity;<br><br>Plaintiffs,<br><br>vs.<br><br>JODY KRISS, an individual; and EAST RIVER PARTNERS, LLC, a foreign corporation; (posting on various websites)<br><br>Defendants. | Case No. 2:16-cv-00932-ESW<br><br>**ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND COUNTERCLAIMS FOR VIOLATION OF 15 U.S.C. §§ 1125(d) and 8131** |

Defendants Jody Kriss and East River Partners, LLC (collectively, "Defendants"), by their attorneys, hereby answer the Complaint for Declaratory Relief ("Complaint") of plaintiffs Larissa Yudina, Felix Sater, and OST Group's (collectively, "Plaintiffs"), as follows:

## NATURE OF THE ACTION

1. Paragraph 1 of the complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to seek a declaratory judgment related to the domain names <jodykriss.com>; <jodykriss.net>; <jodykriss.org>; <jodykriss.info>; <jodylkriss.com>; <jodylkriss.net>; <jodylkriss.org>; <jodylkriss.info>; <eastriverpartnersllc.com>; <eastriverpartnersny.com>; <theeastriverpartners.com>; <eastriverpartnersgroup.com>; <eastriverpartners.net>; and <eastriverpartners.info> but deny the remaining allegations in paragraph 1.

## THE PARTIES

2. Defendants deny the allegations in paragraph 2 for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

3. Defendants admit that Felix Sater is an individual that, at some point, resided in the state of New York, but deny the remaining allegations in paragraph 3 for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

4. Defendants deny the allegations in paragraph 4 for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 of the complaint contains legal conclusions to which no response is required. Further answering, Defendants do not dispute that this court has subject matter jurisdiction over Plaintiffs' claim.

8. Paragraph 8 of the complaint contains legal conclusions to which no response is required. Defendants admit that venue is proper in this district based on consent of the parties.

## FACTUAL BACKGROUND

9. Defendants admit that the 10 domain names listed in paragraph 9 were first

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

registered on July 10, 2012, but deny the remaining allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Defendants admit that <eastriverpartnersgroup.com> was first registered in December 2014, but deny the remaining allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14. Further answering, Defendants state that the websites located at <jodykriss.com>, <jodylkriss.com>, <jodykriss.net>, <jodylkriss.net>, <jodyrkriss.org>, <jodylkriss.org>, <jodykriss.info>, <jodylkriss.info>, <eastriverpartners.info>, <eastriverpartners.net>, <theeastriverpartners.com>, <eastriverpartnersllc.com>, <eastriverpartnersny.com>, and <eastriverpartnersgroup.com> (the "UDRP Disputed Domains") were changed immediately before the filing of this action to remove all of the previously existing content, substituting altered but identical content on all of the websites located at the UDRP Disputed Domains.

15. Defendants deny the allegations in paragraph 15. Further answering, Defendants state that the websites located at the UDRP Disputed Domains were changed immediately before the filing of this action. Upon information and belief, these changes were made in bad faith in an attempt to portray the websites to this Court in a misleading manner.

16. Defendants deny the allegations in paragraph 16.

17. Defendants admit that Plaintiffs Sater and Yudina would have accepted the Internet Corporation for Assigned Names and Numbers' Uniform Domain Name Resolution Policy when they registered and/or renewed each of the UDRP Disputed Domains. Further answering, Defendants state that the document attached as Exhibit A to Plaintiffs' Complaint speaks for itself and is the best evidence of its content. Defendants deny the remaining allegations in paragraph 17.

18. Defendants admit that they initiated a UDRP proceeding before the National

3

Arbitration Forum in February 2016 seeking transfer of the UDRP Disputed Domains, but deny the remaining allegations in paragraph 18.

19. Defendants admit the allegations in paragraph 19.

20. Defendants admit the allegations in paragraph 20.

21. Defendants admit the allegations in paragraph 21.

22. Defendants admit that they consented to jurisdiction of this Court when filing their complaint in the UDRP action and that Exhibit C is a copy of their UDRP complaint. Further answering, Exhibit C does not contain the annexes included with Defendants' UDRP Complaint.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 26.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 27.

## FIRST CLAIM FOR RELIEF

28. Defendants incorporate their responses to the preceding paragraphs.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny each and every allegation in the Complaint not explicitly admitted above.

## AFFIRMATIVE DEFENSES

41. The Prayer for Relief in the Complaint seeks specific relief not supported or authorized by the claims for relief that the Complaint attempts to state. Specifically, there is no basis to declare that Plaintiff OST is "the sole legal and equitable owner of the Disputed Domains."

42. The claims of Plaintiffs, or some of Plaintiffs, are barred by a lack of standing.

43. Defendants hereby give notice that they intend to rely on any additional defenses that may become available or apparent during discovery.

WHEREFORE, having fully answered, Defendants respectfully request that Plaintiffs' Complaint for Declaratory Relief be dismissed with prejudice and that judgment be entered in favor of Defendants; that Defendants be awarded their costs and reasonable attorneys' fees; and that Defendants be awarded such other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS OF DEFENDANTS

Defendants Jody Kriss and East River Partners, LLC for their Counterclaims against Plaintiffs Felix Sater, Larissa Yudina, and OST Group ("Plaintiffs/Counterclaim Defendants") state as follows:

## PARTIES

1. Defendant/Counterclaimant Jody Kriss ("Kriss") is a resident of New York. He is a principal and co-owner of East River Partners, LLC.

2. Defendant/Counterclaimant East River Partners, LLC ("ERP") is a Delaware limited liability company with its principal place of business in New York, New York.

3. Plaintiff/Counterclaim Defendant Felix Sater is an individual purporting to

reside in the State of New York.

4. Plaintiff/Counterclaim Defendant Larissa Yudina purports to be an individual residing in Moscow, Russia.

5. In the alternative, on information and belief, "Larissa Yudina" is an alter ego or alias of Defendant Sater.

6. Plaintiff/Counterclaim Defendant OST Group purports to be a foreign corporation organized under the laws of Russia.

7. On information and belief, Plaintiffs/Counterclaim Defendants Yudina and OST Group are agents acting on behalf of Defendant Sater.

8. In the alternative, Plaintiffs/Counterclaim Defendants are all acting in concert.

9. On information and belief, Defendant Sater is involved in real estate development in the New York City area and is otherwise a competitor of Defendants.

## JURISDICTION AND VENUE

10. As this is an action for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and because Plaintiffs have consented to venue by bringing this action.

## FACTUAL ALLEGATIONS

Ownership of the Trademarks

12. Kriss owns the federally registered trademark JODY KRISS®, Reg. No. 4,735,135 for real estate development services. The mark was first used in commerce by Kriss in 1998 and was registered by the United States Patent and Trademark Office ("USPTO") on May 12, 2015.

13. ERP owns the federally registered trademarks EAST RIVER PARTNERS®, Reg. Nos. 4,711,210 and 4,715,227 for financial services and private equity fund management. The '210 mark was first used in commerce on September 19, 2009 and was

6

registered by the USPTO on March 31, 2015. The '227 mark was first used in commerce on July 12, 2011 and registered by the USPTO on April 7, 2015.

14. The JODY KRISS and EAST RIVER PARTNERS marks are well known in New York real estate development and private equity fund management markets.

15. The JODY KRISS and EAST RIVER PARTNERS marks were distinctive before July 10, 2012 and at the time each of the domains referenced in this Counterclaim were registered.

**Litigation Between Kriss and Sater**

16. On or about March 10, 2010, Kriss and another plaintiff filed a lawsuit against Sater and other parties, in the District Court for the Southern District of New York. The lawsuit alleged claims both individually and derivatively on behalf of Bayrock Group, LLC for violations of the Racketeering Influence and Corrupt Organizations Act, 18 U.S.C. § 1962(c), among other claims (the "RICO Lawsuit").

17. Prior to filing of the RICO Lawsuit, Plaintiff Kriss and Defendant Sater were colleagues at Bayrock Group, LLC.

18. Kriss filed the RICO Lawsuit under seal at the request of Sater's counsel because, among other reasons, the complaint attached evidence of Sater's prior conviction in 1998 for racketeering. At the time, the official records of Sater's conviction were sealed by the District Court for the Eastern District of New York.

19. In the months and years immediately after filing the RICO Lawsuit, Kriss (and his counsel) and Sater were involved in a dispute concerning whether the RICO Lawsuit and the official records of Sater's conviction should remain sealed.

20. Ultimately, the record of Sater's conviction was unsealed by the District Court for the Eastern District of New York by an order dated March 12, 2013.

**Bad Faith Registration and Use of the Domains**

21. On July 10, 2012, Sater registered multiple domains, including at least the following: <jodykriss.com>, <jodylkriss.com>, <jodykriss.net>, <jodylkriss.net>, <jodykriss.org>, <jodylkriss.org>, <jodykriss.info>, and <jodylkriss.info>.

22. On information and belief, Sater also registered, on July 10, 2012, the domain names <felixsater.org>, <felixsater.info>, and <felixsater.net>. These domains were all registered within minutes of the domains identified in paragraph 21.

23. Subsequently, on information and belief, Sater registered the domains <krissjody.com>, <jodykrisscrook.com>, <jodykrissvorton.com>, <vortonjodykriss.com>, and <jodykriss.co>. (Collectively, these domains, along with the domains identified in paragraph 21 will be hereafter referred to as the "Jody Kriss Domains").

24. On websites at the Jody Kriss Domains, Defendants regularly posted false, derogatory, defamatory, and disparaging information about Defendants and the JODY KRISS and EAST RIVER marks. For example, a January 16, 2016 article on <jodykriss.com> is attached as Exhibit 1.

25. Also on July 10, 2012, Yudina—who, on information and belief, is an alter ego or agent of Sater—registered the following domains: <eastriverpartners.info> and <eastriverpartners.net>.

26. According to the Whois records, the domains <eastriverpartners.info> and <eastriverpartners.net> were registered in between and within seconds of the Jody Kriss Domains, at the following times :

<jodylkriss.org>         16:01:07Z;
<jodykriss.org>          16:01:08Z;
<jodylkriss.net>         16:01:28Z;
<eastriverpartners.net>  16:01:28Z;
<jodykriss.net>          16:01:29Z;
<jodykriss.com>          16:01:30Z;
<jodylkriss.com>         16:01:32Z;
<eastriverpartners.info> 16:01:34Z;
<jodykriss.info>         16:01:35Z; and
<jodylkriss.info>        16:01:35Z.

8

27. On August 13, 2014, Yudina registered the domain <theeastriverpartners.com>.

28. On December 12, 2014, Yudina registered the domain <eastriverpartnersllc.com>.

29. On December 19, 2014, Yudina registered the domains <eastriverpartnersny.com> and <eastriverpartnersgroup.com>. (Collectively, the domains identified in paragraphs 25 and 27-29 will be hereafter referred to as the "East River Domains").

30. On websites at the East River Domains, Defendants regularly posted false, derogatory, defamatory, and disparaging information about Defendants and the JODY KRISS and EAST RIVER marks. For example, a January 6, 2016 article on <eastriverpartnersgroup.com> is attached as Exhibit 2.

31. On information and belief, all of the domains at issue in this counterclaim were registered through the registrar GoDaddy.com, LLC.

32. On information and belief, Plaintiffs/Counterclaim Defendants knowingly provided or knowingly caused to be provided materially false contact information in registering each of the domains at issue at the time of registration and in numerous subsequent renewals.

33. Defendant Sater offered to transfer the domains to Plaintiff Kriss if Kriss paid him two million dollars and agreed to dismiss the RICO Lawsuit.

Kriss and ERP Initiate and Win a UDRP Proceeding

34. On February 12, 2016, Kriss and ERP filed a complaint with the National Arbitration Forum ("Forum") under the UDRP seeking transfer of the domains <jodykriss.com>, <jodylkriss.com>, <jodykriss.net>, <jodylkriss.net>, <jodyrkriss.org>, <jodylkriss.org>, <jodykriss.info>, <jodylkriss.info>, <eastriverpartners.info>, <eastriverpartners.net>, <theeastriverpartners.com>, <eastriverpartnersllc.com>, <eastriverpartnersny.com>, and <eastriverpartnersgroup.com> (the "UDRP Disputed

Domains") to Kriss and ERP.

35. Sater and Yudina appeared as the Respondents and submitted a combined response opposing the complaint.

36. In the responses to the UDRP submitted by Sater and Yudina, OST Group was never identified as the owner of any domains or even mentioned at all.

37. On March 23, 2016, the Forum issued a notice of decision that the UDRP Disputed Domains should be transferred to Kriss and ERP. In that decision, the independent panel found:

- • "Complainant Kriss has registered the JODY KRISS trademark with the United States Patent and Trademark Office ("USPTO") (Reg. No. 4,735,135, first use in commerce Dec. 31, 1998, filed Sept. 26, 2014, reg. May 12, 2015), which demonstrates rights in the mark. Complainant East River Partners LLC. has registered the EAST RIVER PARTNERS mark with the USPTO (Reg. No. 4,711,210, first use in commerce Sept. 19, 2010, filed July 10, 2014, reg. Mar. 31, 2015) which demonstrates rights in the mark."
- • "The disputed domain names are confusingly similar to the KRISS and EAST RIVER PARTNERS trademarks."
- • "Respondent has no rights or legitimate interests in the disputed domain names."
- • "The disputed domain names have been registered and used in bad faith."

38. Before the registrar of the domain names (GoDaddy.com, LLC) implemented the UDRP decision and transferred the domains, Plaintiffs/Counterclaim Defendants filed this Action, which prevented the transfer.

**Violation of 15 U.S.C. §§ 1125(d) and 8131**

39. The domains <jodykriss.com>, <jodylkriss.com>, <jodykriss.net>, <jodylkriss.net>, <jodykriss.org>, <jodylkriss.org>, <jodykriss.info>, <jodylkriss.info>, <krissjody.com>, <jodykrisscrook.com>, <jodykrissvorton.com>, <vortonjodykriss.com>, and <jodykriss.co> are identical or confusingly similar to the JODY KRISS mark.

40. The domains <eastriverpartnersllc.com>, <theeastriverpartners.com>,

<eastriverpartnersgroup.com>, <eastriverpartners.net>, <eastriverparnters.info>, and <eastriverpartnersonline.com> are identical or confusingly similar to the EAST RIVER mark.

41. Plaintiffs have made no bona fide offering of goods or services on the Kriss Domains or East River Domains.

42. None of Plaintiffs/Counterclaim Defendants are commonly known by the names "Jody Kriss" or "East River Partners," and they do not have rights to use the JODY KRISS or EAST RIVER marks.

43. On information and belief, the Jody Kriss Domains and East River Domains were registered, trafficked, and/or used to: harass and embarrass Kriss and ERP; disrupt and harm the business of Kriss and ERP; divert customers away from Kriss and ERP; extort Kriss into dropping legal actions against Sater; and/or motivate Kriss and ERP to purchase the domains from Plaintiffs/Counterclaim Defendants at a profit.

**COUNT I**

Kriss' Claim for Violation of Cyberpiracy Prevention (15 U.S.C. § 1125(d))

44. Defendants/Counterclaim Plaintiffs incorporate the allegations in paragraphs 1 - 43 as if fully restated.

45. This cause of action arises under 15 U.S.C. § 1125(d), "Cyberpiracy Prevention."

46. Sater, Yudina, and OST have a bad faith intent to profit from Kriss' service mark JODY KRISS.

47. Sater, Yudina, and OST registered, trafficked in, and/or used the Jody Kriss Domains, which, at the time of their registrations, were identical or confusingly similar to the distinctive mark JODY KRISS.

48. The foregoing actions of Sater, Yudina, and OST violated 15 U.S.C. § 1125(d) and make Plaintiffs/Counterclaim Defendants liable to Kriss.

49. Defendant Sater offered to sell the Jody Kriss Domains for financial gain. Specifically, Sater offered to sell the Jody Kriss Domains for two million dollars and

Kriss dropping the RICO Action.

50. Sater's, Yudina's, and OST's violations of 15 U.S.C. § 1125(d) were knowing, deliberate, and willful.

51. Sater's, Yudina's, and OST's violations of 15 U.S.C. § 1125(d) have caused irreparable injury to Kriss, and unless these violations are enjoined by this Court, they will continue, and Kriss will continue to suffer irreparable injury.

52. Under 15 U.S.C. § 1116(a), Kriss is entitled to permanent injunctive relief from Sater's, Yudina's, and OST's violations of 15 U.S.C. § 1125(d).

53. Sater's, Yudina's, and OST's violations of 15 U.S.C. § 1125(d) have also caused Kriss to sustain monetary damages, loss, and injury in an amount that is unknown and cannot be calculated by Kriss at present and, therefore, must be determined at the trial of this action.

54. This case is exceptional, pursuant to 15 U.S.C. § 1117(a), and Kriss and ERP should be awarded attorneys' fees.

**COUNT II**

ERP's Claim for Violation of Cyberpiracy Prevention (15 U.S.C. § 1125(d))

55. Defendants/Counterclaim Plaintiffs incorporate the allegations in paragraphs 1 - 43 as if fully restated.

56. This cause of action arises under 15 U.S.C. § 1125(d), "Cyberpiracy Prevention."

57. Sater, Yudina, and OST have a bad faith intent to profit from ERP's EAST RIVER PARTNERS service marks.

58. Sater, Yudina, and OST registered, trafficked in, and/or used the East River Domains, which, at the time of their registrations, were identical or confusingly similar to the distinctive EAST RIVER PARTNERS marks.

59. The foregoing actions of Sater, Yudina, and OST violated 15 U.S.C. § 1125(d) and make Plaintiffs/Counterclaim Defendants liable to ERP.

60. Sater's, Yudina's, and OST's violations of 15 U.S.C. § 1125(d) were

knowing, deliberate, and willful.

61. Defendant Sater offered to sell the Jody Kriss Domains for financial gain. Specifically, Sater offered to sell the Jody Kriss Domains for two million dollars and Kriss dropping the RICO Action.

62. Sater's, Yudina's, and OST's violations of 15 U.S.C. § 1125(d) have caused irreparable injury to ERP, and unless these violations are enjoined by this Court, they will continue, and ERP will continue to suffer irreparable injury.

63. Under 15 U.S.C. § 1116(a), ERP is entitled to permanent injunctive relief from Sater's, Yudina's, and OST's violations of 15 U.S.C. § 1125(d).

64. Sater's, Yudina's, and OST's violations of 15 U.S.C. § 1125(d) have also caused ERP to sustain monetary damages, loss, and injury in an amount that is unknown and cannot be calculated by ERP at present and therefore must be determined at the trial of this action.

65. Sater's, Yudina's, and OST's violations of 15 U.S.C. § 1125(d) have also caused Kriss to sustain monetary damages, loss, and injury in an amount that is unknown and cannot be calculated by Kriss at present and, therefore, must be determined at the trial of this action.

66. This case is exceptional, pursuant to 15 U.S.C. § 1117(a), and Kriss and ERP should be awarded attorneys' fees.

**COUNT III**

Kriss' Claim for Violation of Cyberpiracy Protection for Individuals (15 U.S.C. § 8131)

67. Defendants/Counterclaim Plaintiffs incorporate the allegations in paragraphs 1 - 43 as if fully restated.

68. This cause of action arises under 15 U.S.C. § 8131, "Cyberpiracy protections for individuals."

69. Each of the Jody Kriss Domains consists of the name of another living person, specifically Kriss, or is substantially and confusingly similar to Kriss' name.

70. Kriss uses this name both as his personal name and also as a source of business identity.

71. None of the Defendants have the name Jody Kriss or a name similar to it.

72. Defendants registered the Jody Kriss Domains without Kriss' consent and did so with the specific intent to profit by selling each domain for financial gain.

73. Defendant Sater offered to sell the Jody Kriss Domains for financial gain. Specifically, Sater offered to sell the Jody Kriss Domains for two million dollars and Kriss dropping the RICO Action.

74. Defendants' violations of 15 U.S.C. § 8131 have also caused Kriss to sustain monetary damages, loss, and injury in an amount that is unknown and cannot be calculated by Kriss at present and, therefore, must be determined at the trial of this action.

75. Defendants' violations of 15 U.S.C. § 8131 have also caused irreparable injury to Kriss, and unless these violations are enjoined by this Court, they will continue, and Kriss will continue to suffer irreparable injury.

76. Defendants actions in violation of 15 U.S.C. § 8131 were knowing, deliberate, and willful.

77. Pursuant to 15 U.S.C. § 8131(2), Kriss requests injunctive relief (specifically, transfer of the Jody Kriss Domains to Kriss), and his costs and attorneys' fees.

**JURY DEMAND**

Kriss and ERP demand trial by jury on all matters and issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Jody Kriss and East River Partners, LLC pray for the following relief:

(A)   Judgment for Kriss and ERP that Sater, Yudina, and OST are liable for Cyberpiracy;

(B)   An Order transferring the Jody Kriss Domains to Kriss and the East River Domains to ERP;

(C) That Sater, Yudina, and OST, and their agents, employees, servants, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all persons in active concert and/or participation with them who receive notice, from registering, trafficking, using, or maintaining the registration of Jody Kriss Domains and ERP Domains, and any other domain that is identical or confusingly similar to the JODY KRISS or EAST RIVER PARTNER marks;

(D) An award to Kriss and ERP of the profits of Sater, Yudina, and OST, any and all damages sustained by Kriss or ERP, and the costs of this action, including attorneys' fees and costs incurred in the UDRP action as well as this action under 15 U.S.C. § 1117(a);

(E) In the alternative, at Kriss' and ERP's election, an award to Kriss and ERP statutory of statutory damages for cyberpiracy of up to $100,000, but not less than $1,000 per domain name under 15 U.S.C. § 1117(d);

(F) That this Court award the maximum statutory damages to fully compensate Kriss and ERP for the willful and wanton nature of Sater, Yudina, and OST's wrongful acts;

(G) That this Court find that this is an "exceptional" case pursuant to 15 U.S.C. § 1117 and award reasonable attorneys' fees to Kriss and ERP;

(H) That this Court award costs and attorneys' fees to Kriss, pursuant to 15 U.S.C. § 8131(2); and

(I) That this Court grant Kriss and ERP such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 24 day of June, 2016.

KERCSMAR & FELTUS PLLC


By *s/Gregory Collins*
Gregory B. Collins
7150 East Camelback Road
Scottsdale, Arizona 85251

Adam C. Sherman (pro hac vice to be filed)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, Ohio  45202
Phone:  (513) 723-4680
Fax:  (513) 852-8468
acsherman@vorys.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on June 24, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Maria Crimi Speth
JABURG & WILK PC
Great American Tower
3200 N Central Ave., Ste. 2000
Phoenix, AZ 85012
mcs@jaburgwilk.com
*Attorneys for Plaintiffs*


By: s/Brandi Bies