Gregory B. Collins (#023158)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001
(480) 421-1002 fax
gbc@kflawaz.com

Adam C. Sherman (pro hac vice)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, Ohio  45202
Phone:  (513) 723-4680
Fax:  (513) 852-8468
acsherman@vorys.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LARISSA YUDINA, an individual; FELIX SATER, an individual; and OST GROUP, a foreign entity;<br><br>Plaintiffs,<br><br>vs.<br><br>JODY KRISS, an individual; and EAST RIVER PARTNERS, LLC, a foreign corporation; (posting on various websites)<br><br>Defendants. | Case No. 2:16-cv-00932-DJH<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF LARISSA YUDINA AND OST GROUP (Dkt. 36.)** |

## I.   INTRODUCTION

The Motion for Protective Order of Plaintiffs Larissa Yudina ("Yudina") and OST Group ("OST") should be denied. Having commenced this litigation, and after admitting to owning and publishing the relevant domains, these critical witnesses cannot overcome the heavy presumption that their depositions should occur in their chosen forum.

## II.   THE WITNESSES HAVE FAILED TO CARRY THEIR HEAVY BURDEN

The plaintiff witnesses' conclusory allegations of financial burden fall well short of overcoming the presumption that the depositions should take place in their chosen forum.

Yudina and OST must establish "good cause" to obtain a protective order under Rule 26(c). Fed. R. Civ. P. 26(c). Courts have explained that "Rule 26's 'good cause' requirement is a heavy burden." *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, NO. 5:11-cv-04494, 2012 U.S. Dist. LEXIS 100547, *4 (N.D. Cal. July 19, 2012) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). That burden is even heavier here because "there are general presumptions that a Plaintiff's deposition should proceed in the forum district because, unlike a Defendant, the Plaintiff is here by choice." *P.Y.M.T. v. City of Fresno*, No. 1:15-cv-710, 2016 U.S. Dist. LEXIS 66331, *5-*6 (E.D. Cal. May 19, 2016). Consequently, "'a foreign plaintiff must persuasively demonstrate that requiring him to travel to the forum district for his deposition would for physical or financial reasons, be ***practically impossible,*** or that it would be otherwise fundamentally unfair.'" *Viasphere Int'l Inc. v. Vardanyan*, No. C12-01536, 2013 U.S. Dist. LEXIS 25611, *3 (N.D. Cal. Feb. 25, 2013) (quoting *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) (emphasis added).[1]

Yudina and OST fall well short of meeting this heavy burden. They primarily complain about the time and cost associated with traveling to the depositions, estimating it

---

[1] Contrary to OST's contention, the ordinary presumption that a corporate deposition take place where the corporation has its principal place of business does ***not*** apply when the corporation is the plaintiff. *See, e.g.*, *Music Grp. Macao Commer. Offshore Ltd. v. Foote*, No. 14-cv-3078-JSC, 2015 U.S. Dist. LEXIS 105465, *5 (N.D. Cal. Aug. 11, 2015) ("Here, it is Defendant who wishes to take the deposition of Plaintiff's corporate representative, so this is not the typical scenario in which the general presumption that the deposition should occur at the company's principal place of business applies.").

would cost $10,000 for two witnesses to travel to Phoenix. But these estimates are not realistic. A roundtrip flight from Moscow in early March would cost less than $1,000 (and perhaps as little as $410), and a visitor visa is only $160. (Declaration of Adam C. Sherman ("Sherman Decl.") attached hereto as Exhibit A, ¶¶ 2-4.) And even if their estimates were reasonable, **Yudina and OST fail to even assert that they cannot afford such expenses**, much less that it would be "practically impossible" to travel here for "financial reasons." *Viasphere*, 2013 U.S. Dist. LEXIS 25611, *3-*4 (ordering plaintiff to travel from Armenia for deposition despite complaints about expenses); s*ee also Quarrie v. N.M. Inst. of Mining & Tech.*, No. 13-cv-0349, 2014 U.S. Dist. LEXIS 186705, *9 (D.N.M. July 28, 2014) ("Plaintiff has offered no support for his conclusory statement that he cannot afford to return from California for his deposition."); *Mintel Int'l Group, Ltd. v. Neergheen*, 2008 U.S. Dist. LEXIS 122595, 9-10 (ordering deponents to travel from London where there was "nothing in Plaintiff's motion to indicate that the cost of the deposition cannot be afforded or that there is any physical impediments to travel.").[2] Rather, the witnesses have paid counsel to (1) file an informal discovery brief, (2) research and draft this motion, and (3) argue this motion. The attorney fees spent litigating this issue will likely exceed the true cost of travel to the depositions.

Yudina's claimed unfamiliarity with the U.S. is also insufficient to establish good cause. Any unfamiliarity with the U.S. is mitigated by the fact that she will have her son and counsel to guide her. Further, courts have held that unfamiliarity is insufficient to establish good cause. *See, e.g.*, *P.Y.M.T.*, 2016 U.S. Dist. LEXIS 66331, *7 ("The fact that Plaintiffs reside out of the country and lack the knowledge on how to travel to this country for their properly noticed depositions does not amount to 'extreme hardship' or 'compelling circumstances.'").

Finally, the cases cited by Yudina and OST are either inapplicable or demonstrate why they have failed to meet their burden. For example, *Hernandez v. Hendrix Produce, Inc.* stands in stark contrast to this case because the plaintiffs there demonstrated a real

---

[2] Defendants will of course accommodate the witnesses to the extent that they need additional time to obtain visas or schedule travel. And as Defendants have already offered, they are willing to conduct the depositions in New York.

financial hardship. *See* 297 F.R.D. 538, 539 (S.D. Ga. 2014) (plaintiffs were "'poor laborers who reside in rural Mexico' and all but one lack[ed] the necessary immigration status to freely return to the U.S."). Similarly, in *Shockey v. Huhtamaki, Inc.*, the deponents had not chosen the forum (but rather were opt-in plaintiffs to a class action), and they demonstrated a financial hardship because the damages they sought were nominal. *See* 280 F.R.D. 598, 601 (D. Kan. 2012). And finally, *United States v. One Gulfstream G-V Jet Aircraft Displaying Tail Number VPCES* is wholly inapposite because the deponent was not the plaintiff. *See* 304 F.R.D. 10, 13-14 (D.D.C. 2014).

In short, "Plaintiffs have not shown any evidence why the inconvenience or cost of attendance for Plaintiffs in this case is any greater than it would be in any other case where a plaintiff resides outside the forum jurisdiction." *P.Y.M.T.*, 2016 U.S. Dist. LEXIS 66331, *7. The Motion should be denied for this reason alone.

## III. VIDEO DEPOSITIONS WOULD PREJUDICE DEFENDANTS

The Motion should also be denied to prevent prejudice to the Defendants. Courts routinely require in-person depositions for important witnesses to ensure that an attorney can test the witness's credibility. *See Music Grp.*, 2015 U.S. Dist. LEXIS 105465, *8-*9 (collecting cases). Here, Yudina and OST Group are crucial witnesses and a videoconference deposition will be insufficient to allow Defendants to test their credibility (*id.* at *8)—particularly given that the witnesses have already demonstrated a willingness to change their story whenever it suits their current litigation position.

For example, the witnesses claim that OST has never done business in Arizona. (*See, e.g.*, Yudina Decl. ¶ 14.) But OST registered the domains at issue and hosts the respective websites with GoDaddy.com, LLC ("GoDaddy"), which is located in this District, and is the register for no less than 30 of their domains. (Compl. ¶ 8; Sherman Decl. at ¶ 5, Ex. 4.) Yudina and OST could have registered the domains and hosted the websites anywhere (and, in fact, did with so with other domains, *see id.*), but they chose to do business with an Arizona company—just as they chose to file this action in Arizona.

Similarly, in support of this Motion, Yudina claims that she owns but has little

3

involvement with OST, and that she can provide only "very limited" information. (Yudina Decl. ¶¶ 13, 15.)  But this runs contrary to Yudina/OST's interrogatory responses, where she swore that she: (1) "registered" many of the domains, (2) paid for the domains, (3) created original content on the domains, (4) published content to the domains, (5) maintains the domains, and (6) owns OST, which owns the domains. (*See* Ex. 5 to Sherman Decl., Yudina Answers to Interrogs. 1-3, 5-12, 14.)  It is, frankly, suspicious that OST now declares that "the information OST Group will be able to provide is limited" (Yudin Decl., ¶ 16), when Plaintiffs pled that OST has owned the domains since 2014 (Compl., ¶ 16).  In fact, Yudina just registered the domain www.jodykriss.today on June 25, 2016—after filing this lawsuit—with a Manhasset, New York address.  (Ex. 6 to Sherman Decl.).  Moreover, the Uniform Domain Dispute Resolution Policy ("UDRP") Panel found that there is evidence that Yudina and Plaintiff Felix Sater may be one and the same.  (Dkt. 1-2, p. 10. (noting also that 10 of the domains purportedly registered by Sater and Yudina were registered on the same day, with the same registrar, privacy service, and email address).)[3]  As noted, Konstantin Yudin submitted an affidavit that OST has a "presence" in Manhasset, NY.  (Ex. 7 to Sherman Decl. at ¶ 6.)  Notably, Manhasset, NY is less than **4 miles** from the address given by Mr. Sater for the domain registrations in his name. (*See, e.g.,* Sherman Decl. at ¶¶ 9-10.)

These issues are, of course, critical to this case.  The UDRP Panel has already ruled that the relevant domains infringed on the trademarks of Mr. Kriss and East River.  (Dkt. 1-2, p. 11.)  What is more, the UDRP Panel held that the domains' content (for which the witnesses admit responsibility) went "far beyond what is normally regarded as criticism and [were] more akin to abuse with the obvious intention to damage [Defendants'] business and trademarks."  (*Id*., p. 25.)  And among other issues, Plaintiffs' Complaint puts the following issues in dispute: (1) whether the witnesses' use of Defendants' trademarks constitutes "First Amendment protected activity"; (2) whether witnesses' use of Defendants' trademarks was done in "good faith"; (3) whether witnesses' use of

---

[3] The email address associated with all the domains is kyudin11@gmail.com, which likely is associated with witness Konstantin Yudin.

4

Defendants' trademarks is "noncommercial fair use"; (4) whether UDRP Panel decision has caused "loss, damage, and injury" to the witnesses; and (5) whether the witnesses acted with "bad faith." (*See, e.g.*, Compl. ¶¶ 23-25, 34.) Likewise, Defendants are entitled to conduct discovery on these witnesses' intentions in obtaining the domains and publishing content, as Defendants' counterclaims for cyberpiracy have an element of "bad faith intent to profit." *Solid Host, NL v. Namecheap, Inc.*, 652 F. Supp. 2d 1092, 1100-1101 (C.D. Cal. 2009.). Given that Yudina's interrogatory answers demonstrate that the witnesses have knowledge on all of these issues, (Ex. 5 to Sherman Decl., Yudina Answers to Interrogs. 1-3, 5-12, 14), it is critical that Defendants are permitted to test the witnesses' credibility and, at a fundamental level, to determine why these Russian citizens—who are complete strangers to Mr. Kriss (Declaration of Jody Kriss, attached hereto as Exhibit B, ¶¶ 2-3.)—have made Defendants the target of their online smear campaign. Especially given the contradictory pleadings and discovery responses from the Plaintiffs, being able to test their credibility is critical.

Beyond inhibiting Defendants' ability to judge the credibility of these critical witnesses, video depositions are impractical here because of the number of exhibits that will be utilized at the deposition. These include the numerous articles on the websites at the 14 domains. Moreover, there is an 11 hour difference between Arizona and Moscow and language barriers will likely complicate the depositions. Given these circumstances, there are serious questions as to whether a court reporter sitting in Arizona could properly transcribe the depositions. It would be impractical to conduct a deposition under these circumstances. *See Music Grp.*, 2015 U.S. Dist. LEXIS 105465 *8-*9 (explaining that courts have found video depositions to be inappropriate where there are copious exhibits).

Accordingly, the Motion should also be denied so Defendants are not prejudiced.

### III.   CONCLUSION

Yudina and OST should not be permitted to evade their decisions to commence this lawsuit and to engage in an online smear campaign of Defendants. Their Motion for a Protective Order should be denied.

5

Respectfully submitted,

*s/ Adam C. Sherman*
Gregory B. Collins (#023158)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001
(480) 421-1002 fax
gbc@kflawaz.com

Adam C. Sherman (pro hac vice)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, Ohio  45202
Phone:  (513) 723-4680
Fax:  (513) 852-8468
acsherman@vorys.com

*Attorneys for Defendants*

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

## **CERTIFICATE OF SERVICE**

I certify that on February 9, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Maria Crimi Speth, Esq.
Michael B. Dvoren, Esq.
Aaron K. Haar, Esq.
JABURG & WILK PC
Great American Tower
3200 N Central Ave., Ste. 2000
Phoenix, AZ 85012
mcs@jaburgwilk.com
mbd@jaburgwilk.com
akh@jaburgwilk.com

Attorneys for Plaintiffs


*s/ Brandi Bies*