**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Maria Crimi Speth (012574)
mcs@jaburgwilk.com
Michael B. Dvoren (027386)
mbd@jaburgwilk.com
Aaron K. Haar (030814)
akh@jaburgwilk.com

Attorneys for Plaintiffs/Counterdefendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larissa Yudina, an individual; Felix Sater, an individual; and OST Group, a foreign entity;<br><br>Plaintiffs/Counterdefendants,<br><br>v.<br><br>Jody Kriss, an individual; and East River Partners, LLC, a foreign corporation;<br><br>Defendants/Counterclaimants. | Case No.: 2:16-cv-00932-DJH<br><br>**Plaintiff Larissa Yudina's Rule 41(a)(2) Motion To Dismiss Her Claim for Declaratory Relief**<br><br>(Hon. Diane J. Humetewa) |

    Pursuant to Rule 41(a)(2), Fed. R. Civ. P., Plaintiff/Counterdefendant Larissa Yudina moves this Court for an Order dismissing her as a Plaintiff and her single claim for declaratory judgment in the Complaint (Doc. 1) against Defendants/Counterclaimants Jody Kriss and East River Partners, LLC (together, "Defendants").

## I. BACKGROUND FACTS

In 2012 and 2014, Yudina registered certain of the domain names at issue in this action. At the time she did so, Yudina was required to agree to the Internet Corporation for Assigned Names and Numbers' Uniform Domain Name Resolution Policy ("UDRP"). In February of 2016, Defendants initiated a UDRP proceeding against Yudina and Plaintiff Felix Sater. *See* Doc. 1 ¶ 18. The Forum Panelist ruled that the domain names were confusingly similar to Defendants' registered trademarks and ordered them to be transferred to Defendants. *Id*. ¶ 19, Exhibit B.

With the adverse UDRP decision, Yudina faced the Hobson's choice of either losing the domains she registered or joining Plaintiff Felix Sater and OST Group in bringing this action in the U.S. and in this District. Because the domain name registrar, GoDaddy, is located in this District and Defendants consented to this Court's jurisdiction when they filed their UDRP complaint, bringing suit in the U.S was Yudina's only alternative to the domain names being forcibly transferred at that time. *Id*. ¶ 22, Exhibit C.

When Yudina agreed to participate in this action as a plaintiff, she did not contemplate being forced to travel to the U.S. as part of it. She now faces the choice of continuing to pursue her claim or losing the domain names she registered. She chooses to give up her claim for relief, understanding that this will result in letting the UDRP decision stand (with respect to her registered domains) and her registered domains[1] being forcibly transferred to Defendants accordingly. She reluctantly accepts this result.

---

[1] A ICANN WHOIS search performed on May 10, 2017 (at https://whois.icann.org/en) shows that there are six domains still registered to Yudina which are <theeastriverpartners.com>,<eastriverpartnersllc.com>, <eastriverpartnersny.com>, <eastriverpartnersgroup.com>, <eastriverpartners.net>, and <eastriverpartners.info>.

## II. ARGUMENT

Federal Rule of Civil Procedure 41(a)(2) states in part that where Rule 41(a)(1) does not apply, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Where defendants have pleaded counterclaims "before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim[s] can remain pending for independent adjudication." *Id*.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Id*. at 976 (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). "Uncertainty because a dispute remains unresolved" or "the threat of future litigation which causes uncertainty" does not constitute plain legal prejudice." *Westlands*, 100 F.3d at 96-97.

In this case, Defendants will suffer no plain legal prejudice if the Court grants this motion. They will get the same result they would have if Yudina had never participated in this action, *i.e*., transfer of the six domains registered to her as a result of the UDRP decision. Moreover, dismissing Yudina's claim and Yudina as a Plaintiff does not impact Defendants' counterclaims against Yudina for cyber-piracy which remain pending unless Defendants choose to dismiss them.

## III. REQUESTED RELIEF

For the reasons above, Yudina requests that the Court enter an Order pursuant to Rule 41(a)(2), Fed. R.Civ.P., that:

18676-18676-00001\MBD\MBD\2521408.1

1.  Plaintiff Larissa Yudina be dismissed as a Plaintiff in this action; and

2.  Yudina's single claim for declaratory judgment against Defendants be dismissed.

A proposed order accompanies this motion.

Respectfully submitted this 12th day of May, 2017.

**Jaburg & Wilk, P.C.**

/s/Maria Crimi Speth
Maria Crimi Speth
Michael B. Dvoren
Aaron K. Haar
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
*Attorneys for Plaintiffs/Counterdefendants*

*Certificate of Service*

I hereby certify that on May 12, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Gregory B. Collins
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
gbc@kflawaz.com

Adam C. Sherman
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, Ohio 45202
acsherman@vorys.com

4

18676-18676-00001\MBD\MBD\2521408.1

Bradley D Simon
SIMON & PARTNERS LLP
551 5th Ave.
New York, NY 10176
212-332-8900
Fax: 212-332-8909
Email: bradsimon@simonlawyers.com

*Attorneys for Defendants/Counterclaimants*

/s/Debra Gower